

# NUMBER 13-25-00279-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

LESLIE A. WERNER,                                         **Appellant,**

v.

JERRY L. FOLLOWWILL, M.D. AND
VICTORIA ORTHOPEDIC CENTER, PLLC,          **Appellees.**

## ON APPEAL FROM THE 377TH DISTRICT COURT
## OF VICTORIA COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca**
**Memorandum Opinion by Chief Justice Tijerina**

This cause is before the Court on its own motion, on appellant's amended motion for extension of time to file notice of appeal, on appellee's response in opposition to appellant's motion, and on appellee's motion to dismiss appeal. On May 20, 2025, appellant filed a notice attempting to appeal an "Order that sustained Defendants'

Objections to Plaintiff's Expert Report and Motion to Dismiss" entered in cause number 23-11-90510-D. Upon review of the documents before us, it appears the trial court issued the appealed order on November 12, 2024. On May 23, 2025, the Clerk of the Court notified appellant that the appeal had not been timely perfected.

On June 13, 2025, we ordered to matter abated and asked the trial court to determine whether Texas Rule of Civil Procedure 306a applies to appellant's motion. Upon review of the trial court's findings, it has determined that the rule does not apply. Accordingly, we are of the opinion that the appeal has not been timely perfected.

We are to construe the rules of appellate procedure reasonably and liberally so that the right to appeal is not lost by imposing requirements not absolutely necessary to effectuate the purpose of a rule. *See Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997). Nevertheless, we are prohibited from enlarging the scope of our jurisdiction by enlarging the time for perfecting an appeal in a civil case in a manner not provided for by rule. *See* Tex. R. App. P. 2; *In re T.W.,* 89 S.W.3d 641, 642 (Tex. App.–Amarillo 2002, no pet.). Appellant's notice of appeal and motion for extension of time to file the notice of appeal were both untimely; therefore, we lack jurisdiction over the appeal. We now reinstate the case and dismiss the appeal for want of jurisdiction. Accordingly, both appellant's motion for extension of time to file the notice of appeal and appellee's motion to dismiss are dismissed for want of jurisdiction.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
31st day of July, 2025.

2